IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3156-BO

| | | |
|---|---|---|
| **ROBERT MILLER LATTIMORE,** | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| **MR. GODLY**, Food Service Management Supervisor, | ) | |
| Defendant. | ) | |

On June 30, 2015, plaintiff, Robert Miller Lattimore, a state inmate, filed a complaint under 42 U.S.C. § 1983 (D.E. 1), together with several exhibits (D.E. 1-1), alleging that defendant Godly, Food Service Management Supervisor, is allowing Lattimore's food to be contaminated. See Comp. at ¶ 4, D.E. 1. On August 26, 2015, Lattimore filed a motion to voluntarily dismiss his complaint. D.E. 11. On that same date, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R"). D.E. 12. In the M&R, Judge Numbers recommended that Lattimore's motion to dismiss his complaint be granted, that several motions relating to the complaint (D.E. 7, 8, 9) be denied as moot, and that the complaint be dismissed without prejudice. On September 4, 2015, Lattimore filed an "Answer" to the M&R (D.E. 13), and stated that he "accepts" the denial of his motions but requests that he be allowed to proceed with his complaint. *See id.* By way of explanation, Lattimore, who is presently confined at Maury Correctional Institution, states that he believed he was required to dismiss his complaint as a pre-condition to

the Behavior Contract with officials at Maury. *See id.* In the Behavior Contract (D.E. 13-1), Lattimore has agreed to make positive behavior changes, including compliance with his mental health treatment plan. The Behavior Contract states:

> If I successfully comply with the terms listed in this contract, I will be rewarded by:
>
> 1. Promotion to ICON around January 2016 with a 90 day ICON review requested thereafter;
>
> 2. After successfully completing my ICON term, I will be moved to the outpatient mental health wing of Green Unit at Maury CI so that I can continue with treatment.

*Id.* The contract provides that if Lattimore fails to comply with these terms, the contract will be void. *See id.* Lattimore explains that he believed that in order to enter into the Behavior Contract he was required to dismiss his complaint, however he now wishes for his complaint to proceed. *See* Answer, D.E. 13.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (alteration, emphasis, and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quotation omitted).

Lattimore's Answer to the M&R does not state an objection to any portion of Judge Numbers' report or recommendation, however, it is clear that Lattimore wishes to pursue his civil action. Consistent with legal principles holding that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers, " *Erickson v. Pardus,* 551 U.S. 89, 94 (2007),

the court will review Lattimore's complaint pursuant to the standard of 28 U.S.C. § 1915A, which requires a court to review civil complaints in which prisoners seek relief from a governmental entity or officer and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* A frivolous case "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. *Neitzke*, 490 U.S. at 325.

Lattimore's claim arises out of 42 U.S.C. § 1983, which creates civil liability for any person acting under the color of state law who deprives a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Therefore, in order to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Lattimore claims that Godly violated his Eighth Amendment rights by serving him contaminated food. *See* Compl. at ¶ 4, D.E. 1; *see also* Ex., D.E. 1-1 at 5 (asserting that he is afraid his food is being poisoned); Ex., D.E. 1-1 at 18 (claiming that prison officials are attempting to murder him by contaminating his food); Ex., D.E. 1-1 at 19 (claiming that Godly is violating U.S.D.A. Food Safety Procedures and Federal Regulations and allowing correctional officers to contaminate the prisoners' food); Ex., D.E. 1-1 at 29 (alleging that food is being contaminated and "next they will be putting poison in our food").

The Eighth Amendment, applicable to the States through the Fourteenth Amendment,

3

prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and a subjective component—that the prison official acted with a sufficiently culpable state of mind. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

Allegations of unsanitary food service facilities are sufficient to state a cognizable constitutional claim, *see Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978), as long as the deprivation is serious and the defendant is deliberately indifferent to the need. *Wilson v. Seiter*, 501 U.S. 294, 303–05 (1991). Additionally, in order to establish a claim, a plaintiff must allege that "serious medical and emotional deterioration [is] attributable to" the challenged condition. *Lopez v. Robinson,* 914 F.2d 486, 490 (4th Cir. 1990) (citation and internal quotation marks omitted). To have been deliberately indifferent, the defendant must actually know of the risk of harm to the inmate and must also have known that his actions were insufficient to mitigate the risk of harm to the plaintiff. *See Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Lattimore alleges no medical or emotional deterioration. At Lattimore's request, prison officials have had blood tests performed, which showed that Lattimore's lab tests were within normal limits. *See* Ex., D.E. 1-1 at 6, 14. *See also* Ex., D.E. 1-1 at 24 (Lattimore's blood was tested by Columbus County Hospital at Lattimore's request). Therefore, Lattimore has failed to show infliction of a serious harm. *Williams,* 77 F.3d at 761.

Additionally, review of materials filed by Lattimore in support of his complaint show that Lattimore has corresponded with prison officials about his allegations, and that prison officials have been consistently responsive to Lattimore's claims. *See* Ex., D.E. 1-1 at 2 (review of video

4

footage failed to substantiate the claims); Ex., D.E. 1-1 at 3 (investigation revealed no evidence to substantiate the claims); Ex., D.E. 1-1 at 13 (prison assigned staff to "monitor[] [Lattimore's] tray during feeding to make sure there are no issues"); Ex., D.E. 1-1 at 22–23 (documentation showing that Cindy Williams, Regional Environmental Health Specialist, and Worth Heath, Jr., REHS Greene County Environmental Health, visited Maury and investigated Lattimore's complaints and "found no basis for his complaint about safety of the food at Maury" and "were informed that [Lattimore] has not been sick or had any symptoms of illness"); Ex., D.E. 1-1 at 40 (investigation revealed Lattimore's allegations "are insufficiently supported"). Based on the foregoing, Lattimore has failed to that the prison official acted with a "sufficiently culpable state of mind," *Williams*, 77 F.3d at 761, or that prison officials acted with deliberate indifference to his concerns.

For the foregoing reasons, Lattimore has failed to state a claim upon which relief can be granted. Therefore, the court DISMISSES the action as frivolous under 28 U.S.C. § 1915A. The clerk shall close the case.

SO ORDERED. This ___ day of November, 2015.

*[signature]*
TERRENCE W. BOYLE
United States District Judge

5